JOHNSON, *Assignee, v.* BELL *& a.*

| 58 | 395 |
| 69 | 81 |

| 58 | 395 |
| 74 | 73 |

The interest of one in land agreed to be conveyed to him by a parol contract, which would be enforced in equity, is subject to attachment.

The release from attachment of one tract of land by the attaching creditor, who had no notice of the mortgage of another tract made subsequent to its attachment by him, will not entitle the mortgagee to priority over the attachment to the extent of the value of the land released.

IN EQUITY. The defendant Bell, March 4, 1870, attached the defendant Lamprey's land in Londonderry, including the Brewster farm, and March 5, his Welch farm, in Plaistow. Welch had agreed, by parol, to exchange farms with Lamprey. At the time of the attachment, Lamprey had conveyed his farm to Welch, and had possession of the Welch farm, but did not get a deed from Welch until March 22, 1870. He mortgaged the Welch farm to the plaintiff's assignor, July 29, 1870. Lamprey conveyed the Brewster farm to the defendant Doton, June 18, 1873, at which time Bell had given Lamprey a release of it from his attachment. Bell recovered judgment against Lamprey, and, the other lands attached not being sufficient to satisfy the execution, was proceeding to levy it on the Welch farm. The plaintiff prays that Bell be restrained from levying the execution on this land until he has applied upon it all the land of Lamprey attached, including the Brewster farm.

*Clough & Clark*, for the plaintiff.

*C. W. Bell*, for the defendants.

ALLEN, J. The right by contract to receive a conveyance of land may be attached. Gen. St., *c.* 205, *s.* 11. Specific performance of a parol contract to convey land will be decreed, in favor of the vendee, who has performed his part of the contract, when a failure or refusal to convey would operate as a fraud upon him. *Tilton* v. *Tilton*, 9 N. H. 385, 390; *Ayer* v. *Hawkes*, 11 N. H. 148, 154; *Kidder* v. *Barr*, 35 N. H. 236, 254; 2 Story Eq., *s.* 761. Lamprey paid for the Welch

farm and took possession of it, and his payment by conveyance of land was more than payment in money. If he had made valuable improvements on the Welch farm, he would have been entitled to a decree for specific performance; and his conveyance of his farm to Welch was not less effective as part performance than valuable improvements made by him on the Welch farm would have been. His conveyance of his own farm is within the reason of the rule in regard to valuable improvements made by a vendee upon land of a vendor, entitling the former to a specific performance. *Tilton* v. *Tilton*, 9 N. H. 385, 391; *Glass* v. *Hulbert*, 102 Mass. 24, 43; *Purcell* v. *Miner*, 4 Wall. 513, 519, 521. And it is not necessary to consider whether possession and cash payment would entitle Lamprey to specific performance. Being entitled to a conveyance of the Welch farm, Bell's attachment was valid. When Bell released the attachment on the Brewster farm, he had no notice of the plaintiff's mortgage on the Welch farm. The mortgage being subsequent to the attachment, he had no occasion to inquire as to the title. He was not put on inquiry in regard to it, and the record of the mortgage was not constructive notice to him. Having an attachment of both farms, and no notice of the mortgage upon one, his release of the other from attachment could not be taken advantage of by the mortgagee for his benefit, nor be made a ground for his relief in equity. The doctrine of *Brown* v. *Simons*, 44 N. H. 475, that a release by a prior encumbrancer of a portion of the encumbered land to the owner, who has conveyed another portion to a third person, operates as a release, *pro tanto*, of the land of the latter, is expressly on the ground that the prior encumbrancer, at the time of the release, had notice of the conveyance. The defendant Doton had no notice, actual or constructive, of the mortgage on the Welch farm, and could not be affected by it, for it did not include the Brewster farm, which he had purchased of Lamprey.

*Bill dismissed.*

STANLEY, J., did not sit.