HUNKINS *v.* HUNKINS *& a.*

Possession and improvements by a parol vendee of land entitle him to a decree for specific performance.

A widow who waives her right of dower and homestead under the statute takes her distributive share of her husband's real estate subject to all the claims existing against it, both legal and equitable.

No right of dower exists in land which at the time of marriage the husband was under an equitable obligation to convey.

BILL IN EQUITY, to enforce specific performance of a parol contract for the conveyance of land, upon a bargain for an exchange of lands, with an alternative prayer for compensation by way of damages for refusal to perform the contract. Facts found by a referee.

The land in question is situated in Sandown, and was formerly owned by Maynard Hunkins, who died in 1872, intestate, leaving nine children, including the plaintiff, James, and Charles C. In 1873, Frank, one of the children, conveyed his interest to Charles, so that Charles thereafter owned two ninths. In the fall of 1877, Charles and James, who were owners in common of a tract of land in Haverhill, Mass., verbally agreed to exchange the interest of James in the Haverhill land for the interest of Charles in the Sandown land. The interests thus agreed to be exchanged were each of the value of one thousand dollars. December 31, 1877, James executed to Charles a deed of his interest in the Haverhill land, and Charles thereupon took full possession of the entire tract in Haverhill. Charles died January 9, 1882, without executing any conveyance of the Sandown land to the plaintiff, although he repeatedly acknowledged the agreement to convey, and expressed his willingness to execute a deed whenever it should be tendered. Charles was married November 25, 1880, and the defendant Anna H. is his widow.

Immediately after the above verbal bargain with Charles, James and his brother Samuel, who had together bought the interests of the other six heirs in the land, moved upon the premises, and thereafter carried on the same as if they were the sole owners. Between the time of their entry and the death of Charles they made repairs and improvements by painting the house, putting on blinds, etc. At the time of his death Charles was a resident of Massachusetts, and his widow was appointed administratrix in that state. The plaintiff did not exhibit to the representative of Charles's estate, either in New Hampshire or in Massachusetts, any claim in reference to the Sandown land or the Haverhill land, or in reference to the consideration paid or agreed to be paid for either tract, or in reference to any of the matters alleged in the bill. In 1884 the New Hampshire administrator settled his account, and paid over the balance to the Massachusetts administratrix as alleged in his answer. Until the bringing of this bill in equity, the defendant Anna H. Hunkins did not know that James made any claim, except as one of the heirs of Charles, to the interest formerly owned by Charles in the Sandown estate.

August 28, 1878, James and Samuel gave Charles their note for $1,539.82, which Samuel produced at the hearing on the defendant's request. Samuel testified that the consideration of this note was not Charles's interest in the Sandown land, but that it was given in reimbursement of sums due Charles from the estate of Maynard Hunkins, on which Charles was administrator. He also testified that this note had been paid in full to Charles. The defendants, in contradiction to this testimony, offered the entries made by Charles in his own account-book. This evidence was excluded, subject to exception. James Hunkins testified, on cross examination, that he had paid in all the money it was his share to pay on the Haverhill land while Charles and he were jointly interested therein; that Charles paid out for repairs, and received the rents; and that he (James) did not pay all his share of the money at one time. The defendant then offered a book and a written statement, both in the handwriting of Charles, purporting to give the payments made on the Haverhill property. These documents were offered for the purpose of showing that the greater part of the payments were made by Charles. This evidence was excluded, subject to exception.

*Wiggin & Fernald*, for Anna H. Hunkins. 1. The facts found do not show such part performance of the alleged contract as to take it out of the statute of frauds. Possession of the land is not such part performance, "unless the party exercising the possession would be liable therefor as a wrong-doer without the specific performance prayed for; and the possession must refer to the alleged contract." *Ham* v. *Goodrich*, 33 N. H. 32; *Kidder* v. *Barr*, 35 N. H. 235; *Bunton* v. *Smith*, 40 N. H. 353; *Glass* v. *Hulbert*, 102 Mass. 24; *Burns* v. *Daggett*, 141 Mass. 368.

In the present case the possession shown was by the plaintiff and his brother Samuel. They were both tenants in common of the property, and entitled to occupy the premises without being liable therefor as wrong-doers, or liable to account in any way for the use of the property under the facts shown. The repairs and improvements made by them upon the house were not of a substantial or permanent character, and were not shown to be equal in value to the use of the premises which they enjoyed without charge. The possession shown lacked all the elements essential to make it the basis for a decree for specific performance.

2. The plaintiff is not entitled to a decree against the defendant. She stands as a *bona fide* purchaser for value. Marriage is, in law, a valuable consideration; and it is conceded that the defendant never had any notice of the alleged claim. Specific performance is not decreed in equity when the wife will not release dower. 2 Lead. Eq. Cas. 1150. The supposed equities of the plaintiff rest upon the assumption that the alleged contract is proved, when the proof required by the statute is entirely wanting.

*Frink & Batchelder*, for the plaintiff. The law seems to be entirely well settled, not only in this jurisdiction, but elsewhere, that "Possession of land pursuant to parol contract is part performance, and either party may insist on a specific performance of the agreement. Wat. Sp. Perf., *ss.* 270, 279; Bro. Fr., *s.* 467; Sto. Eq. Jur., *s.* 761; 4 Kent Com. 451; 5 Wait Act. & Def. 830; *Bigelow* v. *Armes*, 108 U. S. 10; *Tilton* v. *Tilton*, 9 N. H. 391; *Kidder* v. *Barr*, 35 N. H. 235; *Newton* v. *Swazey*, 8 N. H. 1; *Hanlon* v. *Wilson*, 10 Neb. 138; *Martin* v. *Patterson*, 27 S. C. 621; *Moss* v. *Culver*, 64 Pa. St. 414—*S. C.*, 3 Am. Rep. 601; *Somerville* v. *Trueman*, 4 H. & McH. 43—*S. C.*, 1 Am. Dec. 391; *Pugh* v. *Good*, 3 W. & S. 56—*S. C.*, 37 Am. Dec. 534; *Dugan* v. *Gittings*, 3 Gill 138—*S. C.*, 43 Am. Dec. 306; *Kerr* v. *Day*, 14 Pa. St. 112 —*S. C.*, 53 Am. Dec. 526, *n.*; *Christy* v. *Barnhart*, 14 Pa. St. 260 —*S. C.*, 53 Am. Dec. 538, *n.*; *McMahan* v. *McMahan*, 13 Pa. St. 376—*S. C.*, 53 Am. Dec. 482; *Weed* v. *Terry*, 2 Doug. Mich. 344—*S. C.*, 45 Am. Dec. 257.

This will especially be the case when the purchase is preceded or accompanied by the payment of the purchase-money. Bro. Fr., *s.* 465; Wat. Sp. Perf., *s.* 270; 4 Kent Com. IV 451; *Newton* v. *Swazey*, 8 N. H. 1; *Wilkinson* v. *Scott*, 17 Mass. 251; *Wetmore* v. *White*, 2 Cai. Cas. 87—*S. C.*, 2 Am. Dec. 329. The possession must be exclusive as against the vendor, and if long continued it will be regarded as a circumstance against the statute's being set up. Wat. Sp. Perf., *s.* 273; Bro. Fr., *s.* 474; *Christy* v. *Barnhart, supra.* Mere possession of itself is enough to defeat the operation of the statutes of frauds, but the case is much stronger when the vendee has made improvements upon the estate. Wat. Sp. Perf., *s.* 280; Bro. Fr., *ss.* 487, 490; *Newton* v. *Swazey*, 8 N. H. 13; *Kidder* v.

*Barr*, 35 N. H. 235; *Wetmore* v. *White, supra; Glass* v. *Hulbert,* 102 Mass. 24; *Martin* v. *Patterson, supra; Christy* v. *Barnhart, supra.* And when there has been an exchange of lands, and possession taken of one of the subjects of the agreement, it strengthens the evidence of possession taken by the opposite party of the corresponding subject. Wat. Sp. Perf., s. 279; *Moss* v. *Culver, supra; Weed* v. *Terry, supra.*

The facts found by the referee embrace all the elements necessary to remove this agreement from the statute of frauds, and justify his order that there should be a decree for specific performance.

But it is claimed by the defendant Anna H. Hunkins, that no decree for performance can be made against her. The vendor was unmarried at the time of the contract. This very question has received the attention of jurists and text-writers, and, so far as we know, has always been decided one way. If her interest in the estate is to be regarded as dower, or akin to it, Kent says,— "A wife's dower is liable to be defeated by any subsisting claim or encumbrance, at law or in equity, existing before the inception of the title." "An agreement by the husband to convey, before the dower attaches, will, if enforced in equity, extinguish the claim of dower." 4 Kent Com. 50; Rop. H. &. W., s. 358; Dart Vend. 462; 2 Vesey Sen. 633.

The vendor is regarded as the trustee of the vendee from the time of the contract and payment of the purchase-money. This question is very well put in *Rain* v. *Roper*, 15 Fla. 121; *Chicago & E. I. R. Co.* v. *Hay*, 119 Ill. 493. If Mrs. Hunkins's interest in the estate is the statutory substitute for dower, then, by a fair construction of the statute, it is postponed to the extinguishment of all equitable claims or liens upon her husband's estate.

She takes only one half after the payment of the debts, and that as heir. Any other view of the law than the one that the estate, bargained away by her husband and paid for before her marriage, is divested of any claim on the part of his widow, would be too monstrously inequitable to receive any consideration in law. Otherwise she would receive a double share—a proportional part of the consideration, and a like part of the lands bought in exchange. In this way she might be endowed of two estates instead of one. The question of laches we suppose is one of fact. The referee having found that the defendant should convey, it precludes that question. But there can be no question of laches where the adverse party has enjoyed the full fruits of the contract. The party agreeing to convey has been put to no disadvantage by the delay. *Chicago & E. I. R. Co.* v. *Hay, supra.*

ALLEN, J. The execution of the final contract for the exchange of lands by the conveyance by the plaintiff of his land to his brother Charles in his lifetime, and the plaintiff's possession and improve-

ment of the land agreed to be conveyed to him in pursuance of the contract, was a part performance of the contract by the plaintiff, sufficient to take it from the operation of the statute of frauds, and to have entitled him to a decree of specific performance against his brother.    *Tilton* v. *Tilton*, 9 N. H. 385, 390; *Johnson* v. *Bell*, 58 N. H. 395; *Seavey* v. *Drake*, 62 N. H. 393.

The plaintiff claims a decree for a deed of all Charles's interest in the land at the time of the agreement, against the widow of Charles and his heirs, who are defendants.    The heirs are willing to make the conveyance, and do not object to the decree.    The widow, Anna H. Hunkins, claims that no decree for performance can be made against her, because she stands as a *bona fide* purchaser, for value, of an undivided share—one ninth.    Having waived her right of dower, if any she had, she takes, if at all, by election under the statute, one half of her husband's interest, after the payment of debts and expenses of administration.    G. L., *c.* 202, *s.* 10. She does not take as purchaser, but subject to all the claims and demands existing against the estate, both legal and equitable. Her right is affected in the same way and by the same limitations which circumscribe the right of an heir upon whom land descends by inheritance.    Though technically, and in law, not the heir of her husband, the widow waiving her homestead and dower rights, and taking her share in the estate by election under the statute, may be said to take as an heir; and, for all purposes in this case, the defendant, Anna H. Hunkins, may be regarded as one of the heirs of Charles H. Hunkins.    Taking as an heir, she had no claim superior to, and which can prevail against, the equitable right of the plaintiff to a conveyance of the land.

No rights of dower became attached to the land in favor of the widow.    The agreement to exchange lands, and the performance by the plaintiff by giving a deed of his land to the decedent, and his possession of the land agreed to be conveyed to him, under and according to the agreement, were all before the defendant's coverture, and the equitable right of the plaintiff to a conveyance acquired by the agreement and the acts of part performance were as effective to bar the right of dower as a legal conveyance of the land in fee before marriage would have been.    4 Kent 49, 50; *Greene* v. *Greene*, 1 Ohio 535.    If the right of election to take a portion of the land in fee is a substitute, by statute, for the common-law right of dower, and the right of dower fails or never became appendent to the land, the right of substitution, having nothing to support it, must fail also.    The loss of the right of dower by the acquisition of the equitable right to a conveyance was accompanied by a loss of the widow's right of election to take a fee in the same land.

The facts reported by the referee make the inequitable character of the widow's claim apparent.    Having taken her share and interest in the land conveyed to her husband by the plaintiff, under the

agreement for an exchange, if she could now be permitted to take a share in fee of the land in dispute, she would receive a double portion, and enjoy both the fruit and the consideration of the contract, the land bought and the land agreed to be given in exchange. Her ignorance of the facts which constitute the plaintiff's right, and for which the plaintiff · is in no fault, cannot destroy that right, nor make for her a right which would not exist with knowledge of the claim. She was not misled by any want of knowledge nor by any act of the plaintiff into changing her position, nor into doing anything in the matter she would not have done, with earlier knowledge of the claim. Her ignorance of the valid claim of a creditor against the estate would not prevent its allowance and satisfaction before she could be let into a moiety by electing to take her share in fee ; and the plaintiff's claim for specific performance of a contract made by her husband is as strong, at least, as that of an ordinary creditor. The statement of the widow's claim and of the attendant circumstances is, when considered in an equitable proceeding, its own sufficient answer.

The facts do not show such *laches* as constitute a defence to the plaintiff's claim. He has performed fully his part of the agreement, and, after the repeated acknowledgment of the agreement by the decedent, and an expression of willingness on his part to execute the deed when tendered, the plaintiff tendered it and execution was refused. The plaintiff's failure to enforce his claim by a proceeding sooner begun has not operated as a disadvantage to the decedent, nor to his representatives and successors, the defendants. They have enjoyed the fruits of the agreement, and whatever fault there is has been their own, in refusing to perform their part of the agreement.

The plaintiff has no adequate remedy at law. A real action for the land which he conveyed to the decedent cannot be maintained. Relying on his claim for a conveyance of the land according to the terms of the agreement, he prosecuted no claim for money damages. But damages in money would not have been compensation for the loss of his land, and he could not, by any judgment in an action for money damages, have been restored to his former position ; and if money damages could have been recovered, and would operate as a payment of the consideration, the settlement of the estate has now proceeded too far to admit of prosecuting a demand at law.

The alternative prayer in the bill for a decree for the value of the plaintiff's interest in the land conveyed to his brother, under Gen. Laws, *c.* 198, *s.* 22, could not be satisfied without further proceedings for the sale of the land in dispute, the administrator here having settled his account and paid out all the estate in his hands. A decree for specific performance would more directly reach the land, save the expense and delay of further proceedings, · and more nearly and adequately meet the requirements of justice.

The exception to the referee's exclusion of Charles Hunkins's books of account offered to contradict the plaintiff's evidence, that a note signed by the plaintiff and another brother was not given to the decedent for the plaintiff's interest in the land in Haverhill, and had been paid, cannot be sustained on any ground appearing from the facts reported. There is no evidence that Charles's promise to convey the land was on condition of the payment of the note, or to be performed when the note was paid, or that the note was ever the plaintiff's to pay. It does not appear that the entries in the books had any connection with any facts or transactions material to the case, or that they were relevant to any issue tried before the referee. The exception to the exclusion of this evidence is overruled.

*Decree according to the referee's report.*

CARPENTER, J., did not sit: the others concurred.