## WALKER *v.* WALKER.

One occupying land under a deed which gives him a remainder in fee upon condition that he furnishes support for the life tenant there, does not hold the premises "under a supposed legal title" within the statute relating to betterments.

It is not ground for exception that instructions to the jury are not given in the identical language of a request by a party.

WRIT OF ENTRY, filed by way of amendment to the original bill in equity, mentioned in this case as reported 63 N. H. 321, and brought to recover the farm there described. The defendant pleaded to the amendment (1) non-tenure special; (2) that the allegations in the plaintiff's declarations are not true; (3) a brief statement for improvements.

The question of fact tried was, whether the defendant had forfeited his rights under the deed by a failure to perform its conditions in not furnishing the plaintiff food, clothing, and all other things suitable and necessary in the house on the farm.

Certain evidence offered under an agreement of the parties, which is stated in the opinion of the court, was admitted subject to exception by the defendant.

The defendant offered evidence tending to show that he had made repairs and additions to the buildings after he entered under the deed, which was excluded subject to exception. The defendant requested the court to charge the jury that any evidence coming from either party or any witness tending to show violent or unreasonable conduct or language towards the other or any body else is competent to be considered by the jury only on the disposi-

tion of the party implicated, unless such conduct or language is in denial of the right of a party, or connected with a controversy in respect thereto. Also, that the plaintiff is not entitled to recover in this action on the ground of violent conduct or language of the defendant towards him, unless such conduct or language was in denial of the plaintiff's right to the support specified in the deed. The jury were instructed that any evidence coming from either party or any witness, tending to show violent or unreasonable conduct or language towards the other or any other person, is competent to be considered only upon the disposition of the party implicated, and that the plaintiff is not entitled to recover on the ground of such conduct or language towards him unless the same was in denial of the right of the plaintiff to his support as provided for in the deed, or in some controversy in respect thereto. But if they should find that such conduct and language were used by the defendant towards the plaintiff as he claims, and that the purpose of the defendant in doing so was to make the plaintiff's home and support on the farm, under the conditions of the deed, so uncomfortable and hazardous as to drive him away or cause him to abandon the same, they might consider it on the question whether the defendant did in fact by his words or acts refuse the support named in the deed, and if he did then there would be a forfeiture. Except as above given, the defendant's request for instructions was denied, and he excepted.

Verdict for the plaintiff that the conditions of the deed had not been performed and that there was a forfeiture, which the defendant moved to set aside.

*Dodge & Caverly*, for the plaintiff.

*Henry D. Yeaton* and *T. J. Smith*, for the defendant.

BLODGETT, J. The effect of the conveyance under which the defendant claimed title was to vest an estate for life in the plaintiff with remainder in fee to the defendant, subject, however, to be revested in the plaintiff on the non-performance by the defendant of the condition annexed to his estate by the terms of the conveyance. *Rollins* v. *Riley*, 44 N. H. 9. Knowing that his title was conditional and his estate defeasible, the defendant is not to be regarded as holding "under a supposed legal title" within the meaning of the statute relating to betterments (G. L., c. 222, s. 6), and must be deemed to have made the improvements for which compensation was sought at the trial for his own convenience and benefit, and at his own risk. *Tripe* v. *Marcy*, 39 N. H. 439, 450, 451; *Hughes* v. *Edmunds*, 9 Wheat. 489. The title contemplated by the statute is one which the occupant believes, and has reason to believe, good,—that is, of whose defects he has no knowledge, and no reasonable notice or warning; and when, as in this case,

the claim for improvements is made by an occupant having full knowledge of the conditions attached to his estate, which are to be performed by himself, and of which there has been a breach by his own voluntary act, it "is too unreasonable to admit of serious argument in its support."

The agreement of the parties, "that each might give in evidence the acts and sayings of the other, tending to show an uncomfortable, bad temper generally, as bearing upon the probability as to which of the two was most in fault in the matter on trial," estopped the defendant from objecting to the evidence excepted to, and makes it unnecessary to inquire whether it would otherwise have been admissible.

The instructions to the jury requested by the defendant were given in substance, and, indeed, almost literally. It is no ground for exception that they were not given in the identical language of the request. *Clark* v. *Wood*, 34 N. H. 447; *Welch* v. *Adams,* 63 N. H. 352. The additional instructions upon the same points appearing in the case were not excepted to, and must be presumed to have been satisfactory to the defendant. *Welch* v. *Adams, supra.*

*Judgment on the verdict.* ·

BINGHAM, J., did not sit: the others concurred.