SUMNER C. PARCHER, administrator,

*vs.*

SACO AND BIDDEFORD SAVINGS INSTITUTION.

York.   Opinion December 10, 1886.

*Gift, causa mortis.*

To constitute a valid gift *causa mortis,* it must be made during some illness or peril of the donor, and in contemplation and expectation of death from that illness or peril, and death must also ensue therefrom.

ON report on facts agreed.

The plaintiff brings this action as administrator of the estate of Herman Peters, who was a mariner in the employ of Captain Amos Leavitt for a long time.

Mrs Marianna Leavitt went to sea a portion of the time, with her husband, Captain Amos. She persuaded Peters to save his money; in consequence of which he sent home by her or her husband, at various times, his earnings, or a portion of them, to

be deposited for him in the savings banks in Saco. He requested her to put half in each bank, (the defendant's bank and one other) so that if anything happened to one bank he would have something in the other. Mrs. Leavitt made the first deposit for him May 6, 1878, in the above named bank; opened a ledger account, and took a deposit book, each under this entry: "Mrs. Marianna Leavitt, Trustee of Herman Peters." This form of entry was made at the suggestion of the treasurer of the bank. Other deposits were made under the same entry from time to time; a part by Mrs. Leavitt and a part by Peters himself, but all from the earnings of Peters. Mrs. Leavitt, as trustee of said Peters, took originally, and kept possession of the deposit book up to the death of Peters, except when Peters took it to carry to the bank when he made deposits.

Captain Amos Leavitt died February 7, 1882. Soon after that Mr. Peters went to the bank and said, "This deposit is payable to Mrs. Leavitt in case of my death." The treasurer replied, " She has the control during your life, but it is not payable to her after your death." Mr. Peters said, " Then make it so." He was asked if he had any relatives. He replied, " Yes, but none that I want to have this deposit." Thereupon the treasurer of the bank added to the entries in the ledger and deposit book, the following words: "Payable, also, to Mrs. Leavitt in case of death of H. Peters;" and these entries remained, without further change, to the time of Peters' death. After this, Peters told Mrs. Leavitt that he wanted her to have his money in the bank when he died. She replied, " Then you must have it fixed so that I can get it." His reply to that was, " It is already fixed." This was the first that Mrs. Leavitt knew of the change in the entries in the bank books. She did not know of the change when it was made. No part of these deposits or income therefrom has been drawn by any one. This action is brought to recover the said deposits and income. Due demand was made upon the bank before the action was commenced.

The Saco and Biddeford Savings Institution was organized in Saco, in May, 1827, under an act of our legislature. In section

one, of the act of incorporation, it is stated as follows : " And all deeds, grants and conveyances, covenants and agreements made by their treasurer, or any other person under their authority and direction, pursuant to the by-laws of the corporation, shall be good and valid, and said corporation shall have power to make any by-laws for the convenient management of their concerns, not repugnant to the laws of the state."

Article 18 of the by-laws is as follows : " Depositors,—Any depositor may designate at the time of making his deposit, the period for which he is desirous the same shall remain, and the purpose for which the same is made, and such depositor and his legal representative shall be bound by such conditions by him voluntarily annexed to his deposit."

Article 21. " The act of making a deposit shall be considered sufficient assent on the part of the depositor to the by-laws and regulations of this institution."

It was agreed that if, upon the foregoing report of the case to the full court, to be carried forward by the plaintiff, the court should be of opinion that the defendant's bank is legally holden to this plaintiff for said deposits and income, the defendant is to be defaulted, and damages to be assessed by judge at *nisi prius* ; otherwise the defendant is to have judgment.

*H. Fairfield*, for the plaintiff, cited : *Allen* v. *Polereczky*, 31 Maine, 338 ; *Dole* v. *Lincoln*, 31 Maine, 422 ; *Carlton* v. *Lovejoy*, 54 Maine, 445 ; *Robinson* v. *Ring*, 72 Maine, 144 ; *Northrop* v. *Hale*, 73 Maine, 69.

*Edward P. Burnham*, for defendant.

If the transaction be viewed as " *donatio causa mortis*," there was a sufficiently near contemplation of the approach of death, to cause the gift to take effect. Mr. Peters was a mariner and usually on voyages to ports having sickly climates ; so that he had in view the usual perils of the sea, and also the dangerous sicknesses incident to southern ports. Thus in fact he died, after throat sickness in a southern port of disease contracted there. The very event took place, the probability of which he contemplated, namely, death, away from what he had for years regarded as his home.

EMERY, J. The money sued for unquestionably belonged to the plaintiff's intestate in his life-time. He earned the money and it was deposited in the defendant bank as his money and for his benefit. It would pass upon his death to his administrator, if he did not effectually dispose of it in his life-time.

It is not claimed that he made any gift *inter vivos*, but it is claimed that by causing to be made upon the bank ledger, the entry, "Payable also to Mrs. Leavitt, in case of death of H. Peters," he made an effectual gift *causa mortis*. Such gifts are not to be favored, as they conflict with the general policy of the law relating to the disposition of the estates of deceased persons. To be valid and take the property out of the general law of administration of estates, the gift must be made during some illness or peril of the donor, and in contemplation and expectation of death from that illness or peril, and death must also ensue therefrom. *Weston* v. *Hight*, 17 Maine, 287; *Grymes* v. *Hone*, 49 N. Y. 17.

This case does not disclose such circumstances, and the attempted gift was, therefore, ineffectual. The money belongs to the administrator.

> *Defendant defaulted. Damages to be assessed by the court at nisi prius.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.