WOODBURY & a. *v.* BUTLER.

On the issue whether a party expressly assented to certain terms, the court may properly refuse to charge the jury as to whether it was his duty to assent, or as to the effect that might have been produced by his silence.

If a tenant of property, at an auction sale of it, assents to the auctioneer's statement, made immediately before offering the property, that his tenancy is to terminate in four weeks thereafter, he is estopped from insisting on a right to three months' written notice to quit from the purchaser at the sale.

Under Pub. Sts., *c.* 246, *s.* 20, the question of the plaintiff's damages may be submitted to the jury at the same time as the question of his right to recover.

On an action brought under Pub. Sts., *c.* 246, for the recovery of land from a tenant, exemplary damages are recoverable if the defendant files a plea of title, or appeals.

ACTION FOR POSSESSION, under the landlord and tenant statute (P. S., *c.* 246, *s.* 8), transferred to this court from the police court of Nashua, upon the filing, by the defendant, of a plea bringing in question the title to the demanded premises. Trial by jury. Verdict for the plaintiffs.

Jesse Gibson and others formerly owned the demanded premises, and sold them by auction, December 9, 1891, to the plaintiffs. The defendant was then in possession as tenant at will, from year to year, of Gibson and others, under an agreement by which his rent was payable at the end of each year, which was May 1. Before calling for bids, the auctioneer stated, as a part of the terms of sale, that the defendant was to have a reasonable time in which to vacate the premises; and, upon inquiry being made, he stated that four weeks would be considered a reasonable time. He asked the defendant, in the presence and hearing of those present, if that was satisfactory to him, and the evidence tended to show that he assented. The defendant testified that he heard the inquiry, but denied that he assented. There was also evidence tending to show that about the time the four weeks expired an agreement was made between the plaintiffs and the defendant by which the latter was to occupy as tenant of the plaintiffs until April 1, 1892, at a stipulated monthly rental. On March 8, 1892, the plaintiffs gave the defendant notice to quit April 11. On April 1 they presented to him a bill for the rent from the date of their purchase to April 1, according to the agreement above referred to, and the defendant refusing to pay it, they gave him another notice to quit on April 11. As he did not then quit, they brought this action April 12. He continued to hold possession until November 29. He did not claim a right to occupy after May 1. May 2 one of the plaintiffs urged him to vacate, stating that it would cause them serious damage if he did not. He declined, for the reason that a woman to whom he had sublet the house was sick and unable to move out. He offered no excuse for not vacating after the woman got better, which was in a few weeks. There was ill feeling between the defendant and one of the plaintiffs. The plaintiffs claimed that the defendant held possession maliciously, with a purpose of injuring them, and that they were much annoyed by his conduct.

The defendant requested the following instructions to the jury: (1) That there was no duty upon the defendant to assent to any terms made by the auctioneer; (2) that a tenant is not estopped by his silence at an auction from setting up his rights as a tenant; and (3) that if the jury are satisfied that he did assent to the terms of the auction sale in regard to his getting out upon a month's

notice, he did not thereby become the tenant of a subsequent purchaser, and did not waive his right to a three-months written notice to quit, under the landlord and tenant act.   These instructions were not given, except as embodied in instructions of which the following is the substance : If the jury find that the defendant assented to the terms stated by the auctioneer, and the plaintiffs acted upon such assent in purchasing the property, the defendant is estopped from claiming possession in conflict with such assent. If the defendant assented that his tenancy should terminate in four weeks after the sale, and the plaintiffs bought the property in view of such assent, the defendant is bound by it, and had no right to occupy after the expiration of four weeks, unless the plaintiffs extended the time by a new agreement, although his tenancy would not otherwise have expired until May 1.   If the defendant made an agreement with the plaintiffs, at the end of about four weeks after the sale, by which he was to occupy the premises as their tenant until April 1 at a stipulated monthly rental, the notices to quit were sufficient, and the defendant had no right to occupy after April 11.   The defendant excepted because the instructions requested were not given.

The defendant also excepted because the court caused the plaintiffs' damages to be assessed by the jury in connection with the trial of the issue upon the right of possession.   The damages were assessed in two sums : One ($115.41) for all elements of damage except those pertaining to what is termed exemplary damages ; and the other ($154.25) for exemplary damages.   As to the latter, the jury were instructed that if the defendant's withholding of possession from the plaintiffs was malicious, if he was governed by malice and a desire to injure the plaintiffs, they are entitled to recover compensation for the injury to their feelings and for the mental annoyances and troubles growing out of his malicious acts.   There was no exception to the charge ; but the defendant claimed that the plaintiffs were not entitled to exemplary damages in such a case, and moved that the sum assessed by the jury on that account be omitted from the judgment.

*George B. French,* for the plaintiffs.

*E. S. & H. A. Cutter* and *John P. Bartlett,* for the defendant.

BLODGETT, J.   The first and second instructions requested by the defendant were not pertinent to the issue, and therefore were properly denied.   The issue was not whether it was the duty of the defendant to assent to the terms stated by the auctioneer, nor whether his silence at the auction would have estopped him from setting up his rights as tenant, but whether he did expressly assent to those terms, as he might lawfully do.   *Currier* v. *Perley,* 24 N. H. 219, 226.

.The third instruction requested was not correct as matter of law. The effect of the sale was to subrogate the grantees to the rights .and remedies which the grantor would have had if the estate had not been conveyed (P. S., *c.* 246, *s.* 22), and thereby make the defendant the grantee's tenant; and if the defendant, as a part of the terms of sale, agreed that his tenancy should terminate in four weeks thereafter, it was a waiver of his right to three months' written notice to quit, under the landlord and tenant act. Having voluntarily contributed to the inducements which led to the sale, and the plaintiffs having presumably acted upon such inducements, the defendant became estopped from setting up his tenancy from year to year. "Where one by his words or conduct intentionally causes another to believe in the existence of a certain state of things, and to act on that belief so as to alter his previous position, he shall be concluded from denying their existence, provided such denial will operate to ·the prejudice of the other party." *Davis* v. *Sanders*, 11 N. H. 259, 261; *Davis* v. *Handy*, 37 N. H. 65, 75; *Drew* v. *Kimball*, 43 N. H. 282, 285. And whatever one's real meaning or purpose may be, if he so conduct himself that a reasonable man would take the representation to be true and to be acted upon, and it is believed and acted upon, the same principle of estoppel applies. *Simons* v. *Steele*, 36 N. H. 73, 79, and authorities cited.

The plaintiffs' damages were properly assessed by the jury in connection with the trial of the issue upon the right of possession. "If a defendant files a plea of title, or appeals, and the plaintiff recovers judgment against him, the court shall cause his damages, exemplary or otherwise, including a just compensation for the use or detention of the property, and for any injury thereto, to be assessed by the jury who try the issue, or otherwise, and may issue execution therefor, or the same may be recovered on the recognizance as before provided." P. S., *c.* 246, *s.* 20. The contention of the defendant, that under this statute the jury must first come in and report to the court their finding upon the issue of title, and then, if the finding is for the plaintiff, must return to their room, assess the damages, and report again, has no merit except that of novelty, and, if adopted, would occasion merely useless circuity and delay.

The exception that exemplary damages are not recoverable in this action is settled adversely to the defendant by the statute last cited, and as the instructions upon this branch of the case were not excepted to, it must be presumed they were satisfactory to him. *Walker* v. *Walker*, 64 N. H. 55, 57.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.