Strafford,   )
Dec. 18, 1902. )

BLAZO *v.* COCHRANE, *Ex'r, & a.*

An unindorsed promissory note may be the subject of a gift, either *inter vivos* or *causa mortis,* the equitable interest vesting in the donee by delivery and acceptance.

To establish a gift *causa mortis,* it must appear to have been made during an illness or impending peril of such a nature as to lead the donor to apprehend death therefrom; and while it is not a legal requisite that death should have resulted from the contemplated cause, it must have ensued from a disease or peril existing or impending at the time the gift was made.

Evidence that a gift absolute in terms was made in apprehension of death warrants the inference that it was conditional, and hence ineffectual as a gift *inter vivos*; and evidence that death ensued from a peril subsequently incurred, is sufficient to support a finding that it was invalid as a gift *causa mortis.*

A gift *causa mortis* cannot be enforced unless established in the manner required by statute.

BILL OF INTERPLEADER. Transferred from the February term, 1902, of the superior court by *Stone,* J.

The petitioner, a physician, was called to attend Rodney Cross about five o'clock in the afternoon of February 15, 1901. Upon the arrival of the physician, Cross inquired who had sent for him, and said he was not sick. After the physician had proceeded with an examination, Cross stated he had taken laudanum; that if it did not kill him, he had something which would kill him quickly; that he had lived as long as he wanted to, and was not going to live any longer. Stimulants and antidotes were adminis-

tered. During the visit and while the physician was alone with Cross, the latter, who was in his right mind, took a package from his clothing and said, " Here's a package I want you to deliver to Annie Cross," meaning the claimant, who at the time was living in Worcester, Mass. The physician took the package with him when he left the house, and retained possession of it until the trial of this action.

After the physician had gone, Cross took nitric acid, and died between six and seven o'clock the same evening. The evidence tended to show that his death was caused by nitric acid and not by laudanum. The testimony was, that when the physician made his visit it was his opinion that Cross had not taken sufficient laudanum to cause his death; that he would not have died so quickly from laudanum; that after the administration of the antidotes there was no reason for his death from the poison he had already taken; and that he would recover.

The package contained $190 in bank bills and the petitioner's note for $1,200, dated August 5, 1901, payable to Cross without interest. The court ordered the property turned over to the executor of Cross' estate, and the claimant excepted.

*John Kivel* and *George T. Hughes*, for the petitioner.

*James A. Edgerly* and *George E. Cochrane*, for the executor.

*William S. Pierce*, for the claimant.

BINGHAM, J.    Gifts of unindorsed notes, either in apprehension of death or among the living, may be effected by a simple delivery of the property. Whatever doubt may have existed at one time in this state as to the kind of property capable of passing by delivery, to be valid as a gift (*Gale* v. *Drake*, 51 N. H. 78, 82 ; *Flint* v. *Pattee*, 33 N. H. 520, 522 ; *Sanborn* v. *Goodhue*, 28 N. H. 48, 56), it now appears by the reported decisions that land may be the subject of a parol gift, and that equity will compel a conveyance of the legal title if the donee has taken possession and made valuable improvements (*Seavey* v. *Drake*, 62 N. H. 393) ; and that chattels (*Cutting* v. *Gilman*, 41 N. H. 147), bank notes and municipal bonds (*Emery* v. *Clough*, 63 N. H. 552), specie and unindorsed negotiable notes of a third person (*Marsh* v. *Fuller*, 18 N. H. 360 ; *Marston* v. *Marston*, 21 N. H. 491, 512), and an unassigned certificate of membership in a relief association (*Brown* v. *Mansur*, 64 N. H. 39, 40), may be transferred by delivery.

A written assignment is no more essential to give effect to a gift than to a sale of a chose in action. By delivery and accept-

ance of the security, an equitable interest vests in the donee; and the donor or his legal representatives, in whom the legal interest or title remains, are mere trustees for the donee, and bound to permit the donee to use his or their names to enforce payment of the obligation. *Parish* v. *Stone*, 14 Pick. 198; *Grover* v. *Grover*, 24 Pick. 261; *Chase* v. *Redding*, 13 Gray 418; *Pierce* v. *Savings Bank*, 129 Mass. 325; *Hopkins* v. *Manchester*, 16 R. I. 663; *Brown* v. *Brown*, 18 Conn. 410; *Grymes* v. *Hone*, 49 N. Y. 17; *Druke* v. *Heiken*, 61 Cal. 346; *Basket* v. *Hassell*, 107 U. S. 602. The money and the unassigned note stand upon the same ground. Both are susceptible of being presented as a gift by delivery.

In this case it is important to keep in mind the elements essential to a gift *causa mortis* and a gift *inter vivos*. To establish the former, it must appear that the gift was made by the donor during an illness or impending peril of such a nature as to cause him to apprehend death therefrom; and while it is not a legal requisite that he should die of the disease or peril from which he apprehends death, he must not recover from it, and his death must result from a disease or peril existing or impending at the time the gift was made. *Cutting* v. *Gilman*, 41 N. H. 147; *Kenistons* v. *Sceva*, 54 N. H. 24, 37; *Weston* v. *Hight*, 17 Me. 287; *Parcher* v. *Savings Inst.*, 78 Me. 470, 473; *Larrabee* v. *Hascall*, 88 Me. 511; *Irish* v. *Nutting*, 47 Barb. 370; *Grymes* v. *Hone*, *supra*; *Ridden* v. *Thrall*, 125 N. Y. 572. A vague impression that death may occur is not sufficient. The donor must be in a condition to fear approaching death from an existing illness or peril. *Dexheimer* v. *Gautier*, 34 How. Pr. 472; *Gourley* v. *Linsenbigler*, 51 Pa. St. 345; *Smith* v. *Dorsey*, 38 Ind. 451; Thorn. Gifts & Adv., ss. 27, 33.

"Such gifts are always made upon condition that they shall be revocable during the lifetime of the donor, and that they shall revest in case he shall survive the donee, or shall be delivered from the peril of death in which they are made." The title to the property passes by the delivery in the donor's lifetime, and becomes perfected in the donee by the death of the donor, which terminates his "right or power of defeasance." *Emery* v. *Clough*, *supra*. "It is not necessary that the donor should declare the condition" (*Williams* v. *Guile*, 117 N. Y. 343, 349), by "an express qualification in the transfer or the delivery. It may be found to be such a gift from the attending circumstances, though the written transfer and the delivery may be absolute." *Grymes* v. *Hone*, *supra*; *Staniland* v. *Willott*, 3 McN. & G. 664. It has been said to be "always implied when the gift is made in the extremity of sickness, or in contemplation of death." *Emery* v. *Clough*, *supra*. "It is a question resting . . . in understanding and intention; . . . a question of fact." *Kenistons* v. *Sceva*, *supra*.

Therefore, when the gift is made during an illness or impending peril such as to cause the donor to apprehend death therefrom, though the transfer or delivery may be in terms absolute, the attending circumstances are such, nothing further appearing, that the condition may be inferred as a matter of fact; and being a question of fact, these circumstances may be overcome by evidence disclosing that the donor intended that the gift should be absolute. *Rhodes* v. *Childs*, 64 Pa. St. 18, 23; *Henschel* v. *Maurer*, 69 Wis. 576, 579; Thorn. Gifts & Adv., ss. 21, 39.

The distinguishing feature of a gift *inter vivos* is, that it is unconditional, and goes into immediate and absolute effect. *Reed* v. *Spaulding*, 42 N. H. 114, 119.

In both classes of cases the delivery may be to a third person for the benefit of the donee; but in the latter class it must appear that by such delivery the donor intended to part with all control and dominion over the property. *Frazier* v. *Perkins*, 62 N. H. 69; *Blasdel* v. *Locke*, 52 N. H. 238, 243; *Emery* v. *Clough, supra.* And if the gift is beneficial to the donee, its acceptance will be presumed and the gift complete. *Whitney* v. *Hale*, 67 N. H. 385, 389; *Frazier* v. *Perkins, supra.*

It is for the superior court to weigh evidence and draw conclusions of fact; and assuming that the trial justice, in ordering the property in question turned over to the executor, intended thereby to make a general finding of fact and not a mere ruling of law, the question here presented is, whether there is evidence in the case from which he was warranted in finding that the transaction could not take effect as a gift of either class.

There was evidence that the donor, at the time the gift was made, had taken laudanum and apprehended death. From these circumstances, the conclusion could have been drawn that the gift was conditional, and this notwithstanding the donor then declared that it was his purpose to kill himself,—evidence disclosing an intention to part with the property for all time, and that his love of life and desire to retain the property had ceased. There was also evidence that his death was caused by nitric acid, in which case it was not the result of a peril existing at the time the gift was made, but of one subsequently incurred, and therefore an element essential to a gift *causa mortis* was lacking. Or it may have been found that his death was the result of the combined effect of the laudanum and the nitric acid; and if so, it might be inferred that it was intended as a gift *causa mortis*, but not being established as required by section 18, chapter 186, of the Public Statutes, it could not be enforced. As there was evidence from which the gift may have been found to be conditional, it could not take effect as a gift *inter vivos*. If, however, the order was

intended as a mere ruling of law, the parties should be permitted to have such questions of fact determined in the superior court as may be necessary to a proper disposition of the case.

*Exception overruled.*

All concurred.