KESIA BRIGHT *et al.*

*v.*

ALFRED BRIGHT.

1. PARENT AND CHILD — *parol promise by the former to convey land to the latter — whether it can be enforced — statute of frauds.* A parol promise by a father to his son, to convey to him a tract of land if the latter would take possession and improve it, would undoubtedly be enforced in a court of equity if the promissee, relying upon it, has entered and expended money. It would substantially, in such event, be a promise resting upon a valuable consideration.

2. But, as in the case of any other parol contract for the conveyance of land, before a court of equity will decree a conveyance, such a performance must be shown as will take the case out of the statute of frauds.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a bill in chancery exhibited in the court below by Alfred Bright against Kesia Bright, the widow, and Harvey Bright and others, the children and co-heirs at law, with the complainant, of Caleb Bright, deceased.

The bill alleges, that, in February, A. D. 1861, Caleb Bright, father of complainant, was the owner in fee simple of the north-east quarter of the north-west quarter of section two, in township twenty-three north, of range three, west of the third principal meridian, and the west part of the north half of the northwest quarter of section three, same town and range, all in Tazewell county, Illinois; and, while so possessed of said real estate, proposed to complainant, if he would go into possession of the same, and make improvements thereon, he, the said Caleb Bright, would convey the said real estate to

7—41ST ILL.

complainant, by a good and sufficient deed of conveyance; that on or about February 1, A. D. 1861, complainant took possession of said real estate at request of his said father, and made thereon permanent and valuable improvements; that at the time of making said improvements, complainant, not having sufficient money to accomplish that object, borrowed one hundred and seventeen dollars of his said father, and paid the same to the administrator of his said father's estate, after his death; and that complainant has possessed and cultivated said real estate, and is still in possession of the same; that since his possession and occupancy of said real estate, as aforesaid, the said Caleb Bright departed this life, leaving at his decease the defendants as his representatives.

The prayer of the bill is, that a conveyance of the land be decreed to the complainant.

Such proceedings were had that a decree was entered, granting the prayer in the bill.

Thereupon the defendants sued out this writ of error. The questions arising under the assignment of errors are, first, whether the promise was of such character that it can be enforced in a court of equity; and, second, whether the proof sustains the allegation in the bill that the complainant took possession of the land and expended money thereon.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the plaintiffs in error, contended that the proof did not sustain the allegations in the bill, which sets up a contract to convey to complainant the land in question, in consideration that he should take possession of the same and make improvements thereon; nothing but an unexecuted parol gift of real estate is established in this case, and that by *parol admissions* of Caleb Bright, the father of complainant.

"Parol admissions of a party are only competent evidence of those facts which may lawfully be established by parol evidence." 1 Greenleaf's Ev. 256; *Jenner* v. *Joliffe*, 6 Johns. 9.

"A gift of real estate cannot be presumed from a delivery of possession, without a deed of conveyance." 1 Rich. Ch.

271. " A parol gift of land is inoperative, though possession is delivered to the donee." *Caldwell* v. *Williams*, 1 Bailey Ch. 175 ; *Ridley* v. *M'Nairy*, 2 Humph. 174 ; *Rucker* v. *Abell*, 8 B. Mon. 566 ; *Hugus* v. *Walker*, 12 Penn. (2 Jones) 173.

But giving the complainant the benefit of his construction of the transaction, and calling it a parol contract instead of a gift, and admitting that taking possession under a parol contract is such a partial performance as avoids the statute of frauds, then there remains, as alleged in this bill, the further consideration of making improvements upon the land, which he fails to prove was done by him.

Messrs. COOPER & Moss, for the defendant in error.

The proofs fully sustain the bill.

" It has been settled that, where a parol agreement is proved, under which one of the parties has taken possession, and made valuable improvements, such agreement shall be carried into effect. We see no material difference between a sale and a gift, as it would be a fraud in a parent, to make a gift which he knew to be void, and thus entice his child into the expenditure of money and labor, of which he meant to benefit himself." *Lessee of Tyler* v. *Eckhart*, 1 Binn. 378.

*Ford* v. *Ellingwood*, 3 Metc. (Ky.) 359 ; *Haines* v. *Haines*, 6 Md. 435, in which last named case the court says : " To constitute a valuable consideration, it is not necessary that money be paid." " If it be expended on the property, on the faith of the contract, it is sufficient." And again : " It is impossible to examine the testimony in this case, without coming to the conclusion that the agreement between Nathan Haines, father of appellee, and his son Mordecai, was, that the latter was to have the farm on condition that he worked it." So also in *Young* v. *Glendenning*, 6 Watts, 509, where it is held, that encouragement to go on with improvements *under an expectation of conveyance* is sufficient ground for enforcing the execution of a deed for the land. And in Atherly on Marriage Settlements, as quoted by the court in *Cox* v. *Spring*, 6 Md.

287, it is said: "If a man voluntarily does an imperfect act, it seems reasonable to leave its completion to his own discretion, and not to enforce it, when he may have strong reasons for altering his intentions. But when he dies without indicating a change, it is presumed he has made none, and in such case it is proper, generally speaking, to enforce the agreement against the heir at law." The application of this reasonable doctrine to the case before the court, will be apparent when it is remembered that among the last utterances of Caleb Bright were, that he had given *Alfred* this land, and intended to make him a deed for it.

The authorities cited for plaintiffs in error, so far as we have examined them, seem not to meet this case. *Rucker* v. *Abell*, 8 B. Mon. 566, is a case between a claimant under a parol gift and creditors. The father being heavily in debt when he made the deed, the court held it to be in fraud of creditors. *Ridley* v. *McNairy*, 2 Humph. 174, is a case of parol promise to make a gift, and rests on the construction of a special statute, as will be seen by reference to the case. And *Hugus* v. *Walker*, 12 Penn. 173, the only other of these authorities which we have had an opportunity to examine, will not be found adverse to defendant in error. It was a case of conflicting proofs, and really turns on the point, that the evidence against the gift is stronger than that for it.

Mr. Justice Lawrence delivered the opinion of the Court:

This was a bill in chancery, brought by Alfred Bright, against the co-heirs of his father, some of whom were infants, for the purpose of having vested in himself the legal title of a tract of land, of which his father died seized. The bill alleges that the latter, in his life-time, made a parol promise to complainant to deed him the land, if complainant would take possession and improve it. A parol promise of this character would, undoubtedly, be enforced in a court of equity, if the promisee, relying upon it, has entered and expended money. It would substantially, in such event, be a promise resting

upon a valuable consideration. But, as in the case of any other parol contract for the conveyance of land, before a court of equity will decree a conveyance, such a performance must be shown as will take the case out of the statute of frauds. In the record before us, we find no evidence that the complainant has ever made any improvements, or in any way incurred expenditure in consequence of such parol promise. It simply appears that he took possession. The bill alleges that he made permanent and valuable improvements, and being, in this most material respect, wholly unsustained by the evidence, the decree of the Circuit Court must be reversed and the cause remanded.

*Decree reversed.*