### FLANNAGAN & a. v. KILCOME.

A promise to pay a sum certain, upon the discontinuance of a pending suit, by the promisee, is, *prima facie,* founded on a good consideration.

Such a consideration is not shown to be insufficient by proof that the defendant ought to have prevailed in the suit that was abandoned.

ASSUMPSIT. Facts found by a referee. The defendant is a widow. After her husband's death, the plaintiffs brought a suit against her for goods sold to her after her husband's death, and for goods sold her husband. That suit was entered in court and continued several terms, and while pending was settled, and entered "neither party," upon the defendant's promise to pay a sum certain, for the recovery of which this suit is brought. The goods furnished in the lifetime of the husband were for the use of and were used by the defendant and her husband and their family, living together.

The referee rejected, as immaterial, evidence that the goods sold to the defendant after her husband's death had been paid for before the entry of the action settled; also evidence that the defendant said she knew at the time that she was not obliged to pay the claim then in suit, and did not care whether it was dropped or not.

*Osgood,* for the plaintiffs.

*O' Connor,* for the defendant.

STANLEY, J. This action may be maintained if there was any consideration for the defendant's promise. The law does not inquire into the amount or adequacy of it. A slight benefit conferred on the defendant, or the smallest injury or inconvenience, or risk of injury or inconvenience, suffered by the plaintiff, though neither the defendant nor any other person was benefited thereby, is enough. *Sanborn* v. *French,* 22 N. H. 246, 248; *Williamson* v. *Clements,* 1 Taunt. 523; *Davis* v. *Morgan,* 4 B. & C. 8; *Scotson* v. *Pegg,* 6 H. & N. 295; 1 Pars. Con. 436.

The consideration in this case was the discontinuance of a suit brought by the plaintiffs upon a claim for goods used in the defendant's family while she and her husband were living together, and for

goods sold to her after her husband's death. This was, *prima facie*, a good consideration. If there was at the time of the settlement a reasonable doubt as to the validity of the claims on which the suit was founded, the consideration was sufficient, even though it might have proved on a trial that the claim was unfounded ; and, in the absence of evidence to the contrary, it will not be inferred that such doubts did not exist ; nor need there have been any actual doubt as to the validity of the claim which was the foundation of the suit settled. If the parties, *bona fide*, and on reasonable grounds, believed it was doubtful, the settlement was a sufficient consideration. A settlement of a controversy is valid, not because it is the settlement of a valid claim, but because it is the settlement of a controversy. Such settlements are favored by the law ; and when an action is brought on a promise made on such a settlement, it is no answer to show that the claim was not valid. Whether the law is more favorable to the plaintiff than this, we need not inquire in this case. *Ex parte Lucy*, 4 DeG., Mac & G. 356 ; *Stewart* v. *Ahrenfeldt*, 4 Den. 189 ; *Seaman* v. *Seaman*, 12 Wend. 381 ; *Russell* v. *Cook*, 3 Hill 504 ; *Crans* v. *Hunter*, 28 N. Y. 389 ; *Peirce* v. *New Orleans Building Co.*, 9 La. [397] ; S. C., 29 Am. Dec. 448 ; *Burnham v. Dunn*, 35 N. H. 556, 560 ; *Pitkin* v. *Noyes*, 48 N. H. 294, 304.

The evidence rejected was properly excluded, since it did not tend to prove that there was no *bona fide* controversy between the parties which was settled by the promise on which this suit is founded.

*Judgment for the plaintiff.*

ALLEN, J., did not sit.