SEAVEY *v.* DRAKE & *a., Ex'rs.*

Equity protects a parol gift of land equally with a parol agreement to sell
it, if accompanied by possession, and if the donee, induced by the promise
to give it, has made valuable improvements on the property.

BILL IN EQUITY, for specific performance of a parol agreement
of land. At the hearing the plaintiff offered to prove that he was
the only child of Shadrach Seavey, the defendants' testate, who
died in 1880. In January, 1860, the testator, owning a tract of
land, and wishing to assist the plaintiff, went upon the land with
him and gave him a portion of it, which the plaintiff then accepted
and took possession of. The plaintiff had a note against his father
upon which there was due about $200, which he then or subse-
quently gave up to him. Subsequently his father gave him an
additional strip of land adjoining the other tract. Ever since the
gifts, the plaintiff has occupied and still occupies the land, and has
paid all taxes upon it. He has expended $3,000 in the erection of
a dwelling-house, barn, and stable, and in other improvements
upon the premises. Some of the lumber for the house was given
him by his father, who helped him do some of the labor upon the
house.

The defendants moved to dismiss the bill because no cause for
equitable relief was stated, and because the parol contract, which is
sought to be enforced, was without consideration, and is executory.
The bill alleges a gift of the land to the plaintiff and a promise to
give him a deed of it. The defendants also demurred, and an-
swered denying the material allegations of the bill.

If the bill can be sustained on proof of these facts, or if not on
these facts, but would be with the additional proof of a considera-
tion for the promise, there is to be a further hearing, the plaintiff
having leave to amend his bill. If on proof of these facts, either
with or without proof of consideration, the bill cannot be sus-
tained, it is to be dismissed.

*Sanborn & Clark* and *J. Y. Mugridge* for the plaintiff.

*W. L. Foster* and *S. Dana,* for the defendants.

SMITH, J. The bill alleges a promise by the defendants' testator
to give the plaintiff a deed. The plaintiff offered to prove that the
deceased gave him the land, and that he thereupon entered into
possession and made valuable improvements. We assume that the
plaintiff in his offer meant that he was induced by the gift of the
land to enter into possession and make large expenditures in per-
manent improvements upon it. The evidence offered is admissi-
ble. Specific performance of a parol contract to convey land is

decreed in favor of the vendee who has performed his part of the contract, when a failure or refusal to convey would operate as a fraud upon him. *Johnson* v. *Bell*, 58 N. H. 395; *Kidder* v. *Barr*, 35 N. H. 236, 254; *Ayer* v. *Hawkes*, 11 N. H. 148, 154; *Tilton* v. *Tilton*, 9 N. H. 385, 390; 2 Sto. Eq. Jur., s. 761. The statute of frauds (G. L., c. 220, s. 14) provides that "No action shall be maintained upon a contract for the sale of land, unless the agreement upon which it is brought, or some memorandum thereof, is in writing, and signed by the party to be charged, or by some person by him thereto authorized in writing." Equity, however, lends its aid, when there has been part performance, to remove the bar of the statute, upon the ground that it is a fraud for the vendor to insist upon the absence of a written instrument, when he has permitted the contract to be partly executed.

It is not material in this case to know whether the promissory note given up by the plaintiff was or was not intended as payment or part payment for the land, for equity protects a parol gift of land equally with a parol agreement to sell it, if accompanied by possession, and the donee has made valuable improvements upon the property induced by the promise to give it. *Stratton* v. *Stratton*, 58 N. H. 474; *King* v. *Thompson*, 9 Pet. 204; *Neale* v. *Neales*, 9 Wall. 1, 9; *Freeman* v. *Freeman*, 43 N. Y. 34; *Kurtz* v. *Hibner*, 55 Ill. 514; *Bright* v. *Bright*, 41 Ill. 97; *Shepherd* v. *Bevin*, 9 Gill 32; *McLain* v. *School Directors*, 51 Pa. St. 196; *Murphy* v. *Stell*, 43 Tex. 123; Bro. St. Fr., s. 491, *a*. There is no important distinction in this respect between a promise to give and a promise to sell. The expenditure in money or labor in the improvement of the land induced by the donor's promise to give the land to the party making the expenditure, constitutes, in equity, a consideration for the promise, and the promise will be enforced. *Crosbie* v. *M'Doual*, 13 Ves. 148; *Freeman* v. *Freeman*, 43 N. Y. 34, 39; 3 Par. Cont. 359.

*Case discharged.*

ALLEN and CLARK, JJ., did not sit: the others concurred.