BROWN *& a.* v. PRESCOTT *& a.*

A specific performance of an oral promise to convey land to which the promisee (by reason of his possession and improvements) is entitled as against the promisor, may be decreed against the objection of the promisor's attaching creditors who had knowledge of the possession and improvements, the promise being neither actually nor constructively fraudulent; and the levy of their execution may be prevented by injunction.

BILL IN EQUITY.   Facts found by the court.

*Barnard & Barnard,* for the plaintiffs.

*Rogers,* for all the defendants except Prescott.

STANLEY, J.   The plaintiffs ask for the specific performance of a parol contract made by the defendant Prescott, to convey certain real estate to the plaintiff Mary A. Brown, and for an injunction against the other defendants to restrain them from levying an execution upon it, in their favor, against Prescott.

The contract relied on is, that Prescott, prior to November, 1869, then and for several years after solvent, agreed with the plaintiffs John W. Brown and his wife Mary, who was Prescott's daughter, that if they would return to Sanbornton, they then residing in Charlestown, Mass., Prescott would give to the plaintiff Mary the Abrams farm.   Relying upon this agreement they returned, and in November, 1869, moved to that farm, and have ever since resided there.   The following spring the plaintiff Amos, who was the father of the plaintiff John, began making repairs

upon the buildings, but shortly after, learning that the defendant Prescott had not given a deed of the premises to Mary as he had agreed, inquired of him about it.   Prescott replied that he had not given the deed, that he had agreed to do it and would, and thereupon Amos completed the repairs, or furnished the money therefor, as a gift to his son.   John and his wife, from their own funds, made other substantial repairs and improvements on the farm in 1870, and from time to time until 1879.   From the time John and Mary went into possession, they have managed and controlled the premises as their own.   Upon these facts the plaintiff Mary is entitled to the relief asked for.   Her part performance of the contract is such that she is entitled to a specific performance by Prescott.   *Newton* v. *Swazey*, 8 N. H. 9; *Tilton* v. *Tilton*, 9 N. H. 385; *Burnham* v. *Porter*, 24 N. H. 580; *Kidder* v. *Barr*, 35 N. H. 352; *Glass* v. *Hulbert*, 102 Mass. 24; 2 Sto. Eq. Jur. 759 *et seq.*   Not only have John and Mary expended their money upon this farm, but the plaintiff Amos has given John large sums of money which have been expended upon it, and he has himself expended a large amount, relying upon Prescott's agreement to convey it to Mary, all of which must be lost if the prayer of the bill is denied; and it would be a fraud upon John and Mary if they were deprived of the benefit of their expenditures.   The money given by Amos to John, and expended by Amos in repairs upon the buildings, became the property of John and Mary, and they are as fully entitled to the benefit of it as if they had earned it.

The other defendants, Prescott's creditors, admit that, as between Prescott and Mary, specific performance might be decreed; but they claim that Prescott's creditors, who have attached the land, stand in a different position.   The agreement to convey was made when Prescott was solvent.   It was not made in fraud of his then existing or future creditors.   The creditors who are defendants knew of the repairs and improvements at the time they were made, and of the occupation of John and Mary from 1869 to the present time; and they were put upon inquiry, and are chargeable with a knowledge of all they would have learned upon inquiry. *Ferrin* v. *Errol*, 59 N. H. 234; *Galley* v. *Ward*, 60 N. H. 331. The attaching creditors therefore stand in the position of a grantee with notice of a prior claim.   Nor does the delay in demanding a specific performance of the agreement affect the question, for it is found as a fact that it was not unreasonable.   No time being fixed within which the agreement was to be performed, both parties were entitled to a reasonable time within which to perform it. The plaintiff Mary is entitled to a decree for a conveyance to her from Prescott, and for an injunction restraining the other defendants from levying their execution upon it.

*Decree accordingly.*


CARPENTER, J., did not sit: the others concurred.