Grafton,
Nov. 7, 1905.

WHITE *&* a., *Ex'rs,* v. POOLE *&* a.

73 ┃ 403
74 ┃ 73

The objection that a bill in equity to enforce specific performance of an oral contract to convey land is not sufficiently definite to identify the premises is one that may be obviated by amendment.

If no time is fixed within which an agreed conveyance of land is to be made, the promisor is entitled to a reasonable time for the performance of his contract.

Where the consideration for a conveyance of realty is that the grantee shall abandon her present purpose of going to a distant land and remain in the town where she then resides, the agreement contemplates such residence for a reasonable period, having reference to the nature of the contract.

In a bill in equity to enforce specific performance of an oral contract to convey land, an allegation that the plaintiff, induced by the promise, entered into possession of the premises, expended large sums for improvements, and has continued in the management and control of the property, is sufficient to withdraw the case from the operation of the statute of frauds.

WRIT OF ENTRY, for the possession of certain premises in Hanover. William H. Poole disclaimed, and Annie L. Poole answered by filing a bill in equity to enforce specific performance of an oral agreement to convey land.

The bill alleges that the plaintiffs' testator, William H. White, promised the defendant that if she would abandon her purpose of going to Cuba, remain in Hanover, and induce her husband to do the same, he would build and give to her a house in Hanover; that in consideration of this promise and in reliance thereon, the defendant and her husband abandoned their purpose of going to Cuba, remained in Hanover, and continued there to the date of the filing of the bill; that White, in pursuance of the agreement, selected a lot satisfactory to her, paid for it, and took the deed in his own name but in trust for the defendant, giving as a reason his desire to transfer the complete property to her when he had built a house thereon; that shortly afterward White erected upon the lot a house which was completed in 1900, and upon its completion the defendant, in pursuance of the contract, moved into the house and has ever since occupied it, and with the knowledge and assent of White has regarded and treated it as her property, and has caused to be expended thereon $500 in improvements and repairs; and that at the time of his death, in 1903, White was arranging to convey the property to her.

The plaintiffs' demurrer was overruled at the May term, 1905, of the superior court by *Wallace,* C. J., subject to their exception.

*Henry F. Hollis* and *Prescott F. Hall*, for the plaintiffs.

*Smith & Smith* and *Edward A. Lane*, for the defendant.

BINGHAM, J. The questions in this case arise on the plaintiffs' demurrer to a bill in equity filed as an answer to the writ of entry brought by the plaintiffs against the defendant to recover the possession of certain real estate in Hanover. The plaintiffs contend that the defendant is not entitled to the relief prayed for in the bill, for the reason that the terms of the contract there set out are not sufficiently definite to enable a court of equity to decree specific performance, and that their demurrer should have been sustained. They say that, according to the allegation of the bill, the contract between the testator and the defendant was simply that he should build and give her a house in Hanover, without reference to any particular lot of land upon which the house was to be built. But we think the fair meaning of the bill is that the defendant made a parol contract with the testator by which he was to convey to the defendant the land claimed in the writ of entry. If such contract is not alleged with sufficient definiteness, the defendant asks leave to amend the bill. Such amendment may be made and will render unnecessary the consideration of this objection.

No time being fixed within which the testator was to give a deed of the property, he was entitled to a reasonable time in which to do so. *Brown* v. *Prescott*, 63 N. H. 61, 62; *Kidder* v. *Flanders, ante,* p. 345.

The consideration to be given by the defendant seems definite enough. It was that she should abandon her present purpose of going to Cuba and remain in Hanover, and that she should induce her husband to do the same. The time that they were to remain in Hanover would be a reasonable time, having reference to the nature of the contract.

It is alleged in the bill that the defendant, induced by the testator's promise, entered into the possession of the property, expended large sums in the way of improvements, and has continued in the occupation of the same to the present time, managing and controlling it as her own. These allegations are sufficient to withdraw the case from the operation of the statute of frauds. *Tilton* v. *Tilton*, 9 N. H. 385, 390; *Seavey* v. *Drake*, 62 N. H. 393; *Brown* v. *Prescott*, 63 N. H. 61; *Stillings* v. *Stillings*, 67 N. H. 584.

*Exception overruled.*

All concurred.