Grafton,  }
June 5, 1906. }

## NATIONAL BANK OF NEWBURY v. SAYER.

In the absence of fraud, a bank check given in discharge of the payee's claim against a third person, at the latter's request, is binding upon the maker.

One who gives a bank check in payment of a promissory note at the request of the maker cannot rescind his obligation upon discovering an informality in the indorsement of the note, when it appears that there was no intent to invest him with the title thereto.

ASSUMPSIT, upon a bank check. Plea, the general issue, with a brief statement that the check was obtained by fraud and was without consideration. Trial by the court and verdict for the plaintiffs. Transferred from the November term, 1905, of the superior court by *Chamberlin*, J., upon the defendant's exception to the denial of his motion to set aside the verdict.

November 17, 1902, one Plant bought a horse of one Nutter, and gave in payment a five-months note secured by a mortgage of the animal. The mortgage was duly recorded. In July, 1903, after the note was overdue, Nutter gave the note and mortgage to the plaintiffs to hold as collateral security, with power to collect the same and credit the proceeds on his debt to them. By mistake, Nutter did not indorse the note. Within a day or two the plaintiffs' cashier wrote a letter to Plant, informing him that the bank held the note and mortgage, but the court was unable to find that he received the letter. October 2, 1903, Plant paid the amount due on the note to Nutter, who informed him that the note and mortgage were not then at the place of payment, but that he would send them to him in a few days. This he did not do. In making the payment Plant did not act fraudulently.

July 19, 1905, the plaintiffs' agent called on Plant and requested payment of the note. Plant alleged that he had paid the note to Nutter. The agent, insisting that the bank was the owner of the note, informed Plant that unless the note was paid at once he should take the horse under the mortgage. Thereupon, at the request of Plant and to prevent the taking of the horse, the defendant gave the plaintiffs his check for the amount of the note, and the agent gave him the note and mortgage, after signing in behalf of the plaintiffs a memorandum written on the mortgage, as follows: " This is to certify that the within note has been paid by W. M. Sayer, Jr., and this mortgage is discharged  . . . without recourse." Subsequently on the same day the defendant discovered that the note had not been indorsed by Nutter, and on the following day notified the plaintiffs by letter that he had

stopped payment of the check for that reason and offered to return the note and mortgage. In due course the check was returned protested for non-payment. The plaintiffs were guilty of no fault or misrepresentation.

*Smith & Smith*, for the plaintiffs.

*Batchellor & Mitchell* and *George F. Morris*, for the defendant.

WALKER, J. It appears that the defendant, at the express request of Plant, gave the bank the check in suit in order to discharge the claim which the bank was attempting to enforce against Plant. Notwithstanding Plant's claim that he had paid the note, the bank insisted upon its validity. It did not concede that it was worthless, and threatened to take the horse covered by the mortgage unless the amount of the note was forthwith paid to it. In order to avoid this result and escape litigation with the bank, Plant induced the defendant to pay the note for him to the plaintiff. It is found that no fraud or deceit was practiced by the plaintiff upon the defendant. What the arrangement was between the defendant and Plant does not clearly appear, and in this action it is not material. The consideration for the check was legal and binding. *Flannagan* v. *Kilcome*, 58 N. H. 443; *Hitchcock* v. *Libby*, 70 N. H. 399, 402.

The fact that the note was not formally indorsed to the bank by Nutter is not important; and the discovery of that fact by the defendant after he had given the check to the bank did not authorize him to rescind his executed contract with the bank. It is not apparent what difference it made to him whether it bore the indorsement of the payee or not. When he received the note and mortgage the latter bore the bank's memorandum of the transaction that both had been discharged; and the verdict is consonant with the theory that it was not the intention of the parties to vest any title to the note and mortgage in the defendant. Hence as he had no legal interest in the question of the previous informal transfer of the note, he is not entitled to avoid his obligation, entered into upon a sufficient consideration, by a rescission of it. It is, therefore, unnecessary to consider what his rights might have been if the bank had attempted to transfer the note and mortgage to him.

*Exception overruled.*

All concurred.