Carroll,
June 30, 1917.

### ELLSWORTH H. ROLLINS *v.* STEPHEN BROCK.

One who has paid the purchase price of land to the vendor and taken a conveyance thereof, relying on the oral agreement of a third person to accept a deed thereof and to execute a mortgage therefor, may have an appropriate remedy against him by foreclosure or judicial sale.

BILL IN EQUITY, for the specific performance of an oral agreement. The defendant, having bargained with the Gilman heirs for a farm for which he was to pay $4,400 and having but $1,000, made an arrangement with the plaintiff by which he was to buy the timber on the farm for $1,900 and loan the defendant the further sum of $1,500 which he needed to pay for the farm, the loan to be secured by a mortgage of the farm. It was agreed that the defendant should pay the Gilman heirs $1,000 and direct them to convey it to the plaintiff, who should pay them $3,400, the balance of the purchase price, and, reserving the standing timber, should convey the farm to the defendant who should give the plaintiff his note for $1,500 secured by a mortgage of the farm. The defendant paid the Gilman heirs $1,000 and directed them to convey the farm to the plaintiff. The conveyance was made to the plaintiff, who thereupon

paid the balance of the purchase price and tendered a deed of the farm to the defendant in accordance with the terms of the agreement, but he refused to accept it and to give the plaintiff the note and mortgage for $1,500 as agreed. The court entered up a decree, by the terms of which a writ of possession was to issue unless the defendant elected to comply with the terms of the agreement on or before September 30, 1916, and the defendant excepted. He also excepted to the admission of oral testimony to show the agreement under which the plaintiff holds the farm.

A bill of exceptions was allowed by *Chamberlin,* J., at the May term, 1916, of the superior court.

*Leslie P. Snow* and *Burt R. Cooper* (*Mr. Cooper* orally), for the plaintiff.

*William Wright* and *Henry D. Yeaton* (*Mr. Yeaton* orally), for the defendant.

YOUNG, J. Notwithstanding the defendant cannot be compelled to accept a deed of the farm and reconvey it to the plaintiff in mortgage to secure the payment of his note for $1,500, the evidence excepted to was properly admitted for the purpose of showing how the plaintiff holds the farm. In other words, if this were a writ of entry and the plaintiff introduced the deed conveying the farm to him and rested, it would be competent for the defendant to introduce this evidence for the purpose of showing that the plaintiff held the farm (not including the timber) as security for a loan of $1,500.

The fact the defendant has repudiated his agreement does not give him any greater rights than he would have had if he were trying to enforce it, consequently the plaintiff is entitled to a decree in his favor. Whether it should take the form of a strict foreclosure or of a sale depends on which the court finds would be equitable. If the court finds there should be a strict foreclosure, it will fix a reasonable time within which the defendant must pay the plaintiff what is due him. If, however, it finds that there should be a sale of the property, it will appoint a commissioner to sell the farm and distribute the proceeds. Whichever form the decree takes, it should fix the exact amount due the plaintiff.

*Case discharged.*

All concurred.