contention that he did not sign the cancellation agreement; that no settlement was had of matters in controversy between the parties, and that the defendant is entitled to recover the sum due him under his contract, which the evidence shows to be $23,683.52. Defendant under his cross-bill is not entitled to recover the value of the 1,000 memberships in the club which he claims should have been delivered to him under the terms of his contract. It would be difficult at this time to fix the value of these memberships. We think that under his contract these memberships should be delivered to him and that their value, if they have value, is not for us to determine.

The decree of the Circuit Court of Cook county will be reversed and the cause remanded with directions to that court to dismiss the bill of complainant for want of equity; to enter a decree in favor of the cross complainant for the sum of $23,683.52, and to decree that the complainant be directed to issue to cross complainant the 1,000 memberships in its club herein referred to.

*Decree is reversed and the cause remanded with directions.*

---

## Ane C. Jensen, Appellant, v. Christian Peterson and Axel A. Bauer, Appellees.

### Gen. No. 23,738.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed May 13, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Ane C. Jensen, complainant, against Christian Peterson and Axel A. Bauer, defendants, to ob-

tain a decree declaring null and void a second trust deed conveying certain premises to secure the payment of a principal note, with interest thereon, for the sum of $2,500. From a judgment dismissing the bill for want of equity, complainant appeals.

D. RYAN TWOMEY, for appellant.

EMIL A. MEYER, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. MORTGAGES, § 56*—*when procurance of trust deed not shown to be fraudulent.* There was no fraud in the procurance of a second trust deed from a widow to her interest as sole legatee and distributee in her husband's estate where before the trust deed was executed the grantee sincerely claimed that the grantor and her husband's estate were indebted to him, and if the grantee had filed a claim against the estate the wife would have received a smaller sum as her share of the estate.

2. CONTRACTS, § 78*—*what is sufficient to support promise.* A compromise of a doubtful right is sufficient to support a promise where there is an absence of fraud and both parties act in good faith.

3. MORTGAGES, § 54*—*when execution of trust deed not against best interests of widow.* The execution of a trust deed by a widow, who is the sole legatee and distributee of her husband's estate, to her equity in the estate, for a debt owed by the estate, is not against her best interests where the claim was clearly provable against the estate.

4. MORTGAGES, § 5*—*what constitutes good consideration for trust deed by widow.* The failure of the creditor of a husband to file a claim against his estate, after his death, at the request of the wife, affords a good consideration for the execution of a trust deed by the wife on her equity as sole legatee and distributee in the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.