Coös,
Jan. 6, 1920.

### JAMES J. PHELAN & a. *v.* CORDELIA ADAM & a.

The right to specific performance of a promise to make a deed of gift of land on the ground of part performance is a "legal title" within the meaning of the statute of betterments.

A valid compromise of a controversy over the price to be paid for a conveyance of real estate is a defence to any claim setting up an alleged original price differing from the one specified by the compromise.

Where there is a right in equity to receive a conveyance of land upon payment of a certain sum to the owner he may be regarded as holding an equitable mortgage on the premises to secure that payment; whether there should be a strict foreclosure with reasonable time for redemption, or whether a sale should be ordered depends upon the finding by the superior court of what justice requires, and appropriate relief may be granted though the proceeding is a writ of entry.

WRIT OF ENTRY. The defendants claimed to recover for betterments. Trial by jury and verdict for the plaintiffs on the main issue and for the defendants upon the issue as to betterments. The facts and exceptions are stated in the opinion. Transferred from the December term, 1918, of the superior court, by *Marble*, J.

*Sullivan & Daley* and *Ira W. Thayer* (*Mr. Sullivan* orally), for the plaintiffs.

*George F. Rich* (by brief and orally), for the defendants.

PEASLEE, J. This proceeding involves the rights of the parties in a farm in Pittsburg. The farm was a part of a large tract of wild land owned by the plaintiffs' predecessor in title, the Connecticut River Lumber Company. It was settled by one Caron in 1895. He cleared land, built buildings, rebuilt them after a fire, and improved the property generally. He had no deed of the land, but mortgaged it in 1904, warranting it free from encumbrance "except the sum due the Conn. River Lumber Company." In 1905 he again mortgaged it, with a like exception. The holder of the latter mortgage discovered that Caron had no deed, and negotiations with the company were entered upon with the result that the boundary lines of what was to be included in the farm were run out and it was agreed that the company be paid $800, on the receipt of which it should convey to Caron. This was not done, and in April, 1908,.

Caron quitclaimed his interest to Adam. Since that time the premises have been occupied by the representatives of Adam, who died shortly after taking the deed.

One claim made by the defendants was that Caron and his successors in right were entitled to recover for betterments, under P. S., c. 228, s. 2. Subject to the plaintiffs' exception this issue was submitted to the jury, who found for the defendants in the sum of $2,148.

The betterment law is of statutory origin, and the requirements are actual peaceable possession under a supposed legal title for more than six years. It must be shown that the occupant was honestly mistaken as to his title to the premises or he cannot have the relief provided by the statute. *Tripe* v. *Marcy*, 39 N. H. 439; *Walker* v. *Walker*, 64 N. H. 55.

The evidence relied upon to show that Caron occupied under a supposed title comes from his wife. She testified that the representative of the owner said to her husband: "You can go there and work and make yourself a home, and that he would never ask us any money or nothing. Nobody can drive you off." She also testified that some years later, after the improvements had been made and a question raised about the title, the agent said: "What you want a deed for, nobody asks you any money for that, why don't you stay sit and leave the matter?"

This evidence would warrant a finding that Caron entered and made improvements under an oral promise to make a gift of the land to him. If such were the facts he would have been entitled to a decree for specific performance. *Seavey* v. *Drake*, 62 N. H. 393; *White* v. *Poole*, 73 N. H. 403; *Blazo* v. *Cochrane*, 71 N. H. 585.

As this is a title recognized and enforceable in court it is a "legal title" within the meaning of the statute. The phrase as there used was intended to have a general application. There was no purpose to restrict the relief to cases where the claimant's title would be one recognized at law, to the exclusion of those enforceable in equity only. The remedy is of an equitable nature, and must have been designed to protect equitable rights. But while Caron held a legal title within the meaning of the statute, other elements necessary to sustain a claim for betterments are lacking.

Upon the undisputed evidence, coming in part from the defendant herself, it appears that the plaintiffs made a claim that purchase money was due from Caron and that in 1907 all the parties in interest — the plaintiffs, Caron, and Adam who held a mortgage

.executed by Caron — agreed to adjust their differences by the payment of $800 to the plaintiffs for a deed of the premises. Thereafter Adam took a quitclaim deed from Caron, and has since occupied thereunder. No one paid the $800. The plaintiffs have been and now are ready to convey upon receipt of the agreed sum.

Upon the evidence in the case there is no ground for a finding that this agreement was not made. It was testified to by the plaintiffs' agent, by the attorney who represented the bank which held the mortgage in pledge from Adam, by Adam's widow and by Caron's wife. Caron, who was said to be in western Canada, did not testify; but his admissions in the mortgages that the land was subject to a claim of the plaintiffs were in evidence.

The plaintiffs have never denied the right of Caron or his assignee to a conveyance. The controversy related solely to the terms upon which the conveyance was to be made. Assuming, as the jury have found by their verdict for betterments, that Caron reasonably understood that he had a right to a deed without making any payment, the undisputed fact remains that upon the plaintiffs' denial of this claim Caron and Adam abandoned it for a new agreement to pay $800. This compromise of their differences was binding upon the parties. *McIsaac* v. *McMurray*, 77 N: H. 466, 471. It is not invalidated by a finding that Caron supposed his original claim to be good, or because it was so in fact. "A settlement of a controversy is valid, not because it is the settlement of a valid claim, but because it is the settlement of a controversy." *Flannagan* v. *Kilcome*, 58 N. H. 443.

Whatever rights Caron originally had were terminated by the new agreement. They are no longer available as a basis for a claim against the plaintiffs, and the issue as to betterments should not have been submitted to the jury. It is not necessary to now consider whether the agreement to settle the matter, which was made in 1907, would still be open to the defendants, if the plaintiffs objected; for it was stated by the plaintiffs at the argument that they were ready to convey upon the payment to them of the $800 agreed upon.

In this situation, the plaintiffs are to be treated as holding an equitable mortgage on the premises, to secure that payment. What order should be made, whether there should be a strict foreclosure with reasonable time for the defendants to redeem, or whether a sale of the property should be ordered, depends upon the finding of the superior court of what justice requires. *Rollins* v. *Brock*, 78

N. H. 456. The fact that this proceeding is in the form of a writ of entry is no obstacle to granting such relief as the facts in the case call for.

Exceptions taken by the defendants have not been argued by them and are understood to be waived.

As there must be further proceedings in the superior court to determine the form of the judgment or decree, the order is

*Case discharged.*

PARSONS, C. J., and PLUMMER, J., dissented: the others concurred.