Belknap,
June 27, 1935.

### CHARLOTTE J. CARTER *v.* LESTER G. PROVO.

*Tilton & Tilton,* (by brief), for the plaintiff.

*Alvin F. Wentworth* and *George W. Pike* (by brief), for the defendant.

ALLEN, C. J. The only question raised by the exceptions is whether the evidence tends to show a valid contract.

The defence of the statute of frauds is not maintainable. If it might be raised for the first time after the verdict, the defendant did not promise to pay or be answerable for a debt of the estate. His agreement was to divide his share therein with the plaintiff if she would cancel her claim against it. In effect, he bought a rejection of the claim. It was surrendered on the strength of his promise.

If the plaintiff furnished any consideration for the promise, the promise was enforceable. The adequacy in value of the consideration is immaterial. *Reynolds* v. *Chase, ante,* 227 and cases cited. Whether her claim was meritorious or not is not decisive. While

"the surrender or discharge of a claim which is utterly without foundation and known to be so, is not a good consideration for a promise," yet "if the claims are doubtful and so understood by the parties," "the consideration will not be defeated by showing that in fact no valid claim really existed." *Pitkin* v. *Noyes*, 48 N. H. 294, 304. If the plaintiff considered in good faith that her claim had a valid basis, the fact that it may have deserved disallowance or probably would not have been sustained, does not show that its forbearance constituted an insufficient consideration. *Flannagan* v. *Kilcome*, 58 N. H. 443; *Phelan* v. *Adam*, 79 N. H. 348, 350.

There was some evidence that the plaintiff's claim was valid. While benefit received does not establish the legal duty of payment, facts and circumstances may show a mutual understanding that payment was to be made. *Elliot Hospital* v. *Turcotte*, 79 N. H. 110, 111. The plaintiff testified that the decedent in making certain payments to her told her that they were not half enough but that sometime she would be better paid. If this testimony would be barred in an action upon the claim, because it was given by the plaintiff, other witnesses testified that she rendered extensive services for the decedent at the latter's request. The decedent's contractual liability to pay for the services could therefore be found.

But aside from evidence of the validity of the claim, that of the plaintiff's honest belief in the merit of the claim is sufficient to support the verdict. Even if in ignorance of the law she was unaware of the test of an enforceable claim, she yet may have had some actual belief and faith in its legal character. In such belief and faith its surrender was a legal consideration for the defendant's promise.

It could be found that the services were gratuitous and understood as such by the plaintiff. It could also be found that the payments made by the decedent were understood to be full compensation. And as another reasonable finding, the plaintiff expected payment from the decedent's estate beyond the payments made. While she testified that she had no claim against the decedent in the latter's lifetime, her other testimony was explanatory of a meaning that while she had a claim, she would not seek to enforce it except against the decedent's estate after the latter's death. The close friendship between the plaintiff and the decedent was as much an indication of an expectation of payment as of a gratuitous character of the services. The evidence warranted a finding that the plaintiff honestly thought that the decedent's obligation to her was legal as well as moral. If her testimony was confusing and conflicting, it was for the jury to

determine its purport and say what it proved in establishing the elements of the contract.

The exception to the denial of the motion to set the verdict aside presents no questions of law not already considered.

*Judgment on the verdict.*

All concurred.