474 P.2d 56

Gerald W. McGRATH, Appellant,

v.

BILL JOHNSTON GOLF PROPERTIES, INC., an Arizona corporation, William Johnston and H. Furman Byars, Appellees.

No. I CA–CIV 1116.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 3, 1970.

Rehearing Denied Sept. 17, 1970.

Review Denied Nov. 4, 1970.

Cavness, DeRose & Senner, by John W. Rood, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal by the plaintiff, Gerald W. McGrath, from a summary judgment granted by the Superior Court of Maricopa County in favor of the defend-

ants Bill Johnston Golf Properties, Inc., William Johnston, and H. Furman Byars.

Two issues have been raised by this appeal from that summary judgment:

1. Is the threat of a civil lawsuit sufficient duress to invalidate a release?

2. Was the release signed by plaintiff Gerald W. McGrath supported by consideration?

Viewing the record most favorably to the party opposing the motion, in this case the plaintiff, Lawless v. Ennis, 3 Ariz.App. 451, 415 P.2d 465 (1966), the facts necessary for a determination of the matter on appeal are as follows. A corporation, called Bill Johnston Golf Properties, Inc., was formed in August 1965. It was to issue 2,000 shares of stock to William Johnston upon the payment of $20,000, and 333.33 shares were to be issued to H. Furman Byars upon the execution by him of a promissory note for $3,333.33 to be satisfied by supplying without cost to the corporation all the labor, equipment and supervision for the clearing of a nine-hole golf course and the excavation of a hole for a swimming pool. The corporation was also to issue 333.33 shares to the plaintiff, Gerald W. McGrath, upon the execution by him of a promissory note for $3,333.33 said note to be satisfied by his performance without charge for five years accounting services for the corporation. Plaintiff McGrath executed the note and agreement, and also executed a stock pledge agreement to secure his note and the performance of his accounting duties.

The shareholders elected to be taxed under the provisions of Subchapter S of the Internal Revenue Code, which allows the shareholders of certain corporations to be taxed without regard to the corporate form if all shareholders file timely elections with the Internal Revenue Service.

In May of 1966 Joseph C. Collins and his wife purchased 140.34 shares of stock in the corporation. McGrath did not inform the Collins of the necessity of filing Subchapter S elections, raising the possibility of adverse tax consequences to the Collins and to the corporation. This apparently caused the defendants to become displeased with plaintiff's services, and as a result plaintiff was called to a meeting with defendant Johnston and Neal Kurn, the corporation's attorney, on 21 March 1967. At that meeting Kurn indicated that he thought plaintiff was negligent in failing to advise the Collins to file Subchapter S elections, and plaintiff was persuaded to sign a previously prepared document releasing all claims he might have against the defendants and assigning to the corporation his 333.33 shares of stock. The release and assignment stated:

### "RELEASE

"For valuable consideration, receipt of which is hereby acknowledged, I, GERALD W. McGRATH, hereby assign to BILL JOHNSTON GOLF PROPERTIES, INC. 333.33 shares of its capital stock, evidenced by certificate No. 2, and I hereby release BILL JOHNSTON GOLF PROPERTIES, WILLIAM JOHNSTON and H. FURMAN BYARS from any and all obligations or liabilities owing to me arising from (a) that certain Stock Purchase Agreement dated August 12, 1965 by and between William Johnston, Gerald W. McGrath, H. Furman Byars and Bill Johnston Golf Properties, Inc. and any amendments thereto, and (b) from any other agreements between myself and Bill Johnston Golf Properties which arose in connection with the purchase of the above-described stock.

/s/ Gerald W. McGrath
Gerald W. McGrath"

Plaintiff was also persuaded to sign an affidavit to be sent to the Internal Revenue Service stating that the failure to file the Subchapter S elections was due to plaintiff's inadvertence.

Plaintiff filed a complaint in Superior Court in October of 1967 praying for a decree that the release was void. Count two of the complaint sounded in quantum

meruit for accounting services performed for the corporation in the amount of $18,-163.75. Summary judgment was granted for defendants, and plaintiff brought this appeal.

Plaintiff makes two contentions: one, that the release is void because it was executed under duress, and two, that the release is void for lack of consideration.

## DURESS

■ Plaintiff contends that the release is void because it was executed under duress. Plaintiff's argument is that he signed the release only because he was threatened with a civil lawsuit which he now believes to be groundless, and was thereby deprived of his freedom of will. However, plaintiff gave the following answers during his deposition:

"Q [Mr. Kurn] Did I unduly influence you in any way?

"A [Mr. McGrath] No.

"Q Did you understand what you were signing when you signed these documents?

"A Yes.

"Q Did I in any way hurry you or try to rush you into these?

"A No, I don't think so."

■ Plaintiff has not charged that defendants threatened the lawsuit in bad faith, knowing that the claim was unfounded. The Arizona Supreme Court has stated:

"It is not duress to declare an intention to resort to the courts for the purpose of insisting on what one believes are one's legal rights." Dunbar v. Dunbar, 102 Ariz. 352, 356, 429 P.2d 949, 953 (1967).

That the lawsuit may turn out to be groundless if tried does not convert a good faith threat to sue into duress. The Supreme Court of New Mexico disposed of this same contention in the following manner:

"An 'unfounded claim,' we conclude, is one without foundation in fact or law. * * *

"A large per cent of contested suits are lost because alleged causes of action are based on 'unfounded claims' as that phrase is herein defined. The appellee was in no different situation than thousands of litigants who have lost cases for the same reason. He had a right to sue or threaten suit on the unfounded claim and the appellant to defend against it. There are some general statements by courts and text writers to the effect that if such threats are made in bad faith or without probable cause, and with no belief in the existence of a cause of action, contracts induced thereby are voidable, and are subject to cancellation. * * * There is no charge here that the appellee acted in bad faith, or that he had no belief in the existence of a cause of action; * * *." Donald v. Davis, 49 N.M. 313, 163 P.2d 270, 272 (1945).

We agree with this statement of the law and hold that a good faith threat to bring a civil lawsuit is not sufficient in and of itself to invalidate a release.

## CONSIDERATION

■ The recital of consideration, of course, is not determinative of the issue, but is merely prima facie evidence of consideration which may be rebutted. Finegan v. Prudential Insurance Co., 300 Mass. 147, 14 N.E.2d 172 (1938). In the present case there is other evidence establishing consideration for the release. Plaintiff, in his deposition, admits that the release was given with the understanding that defendants would not pursue any possible malpractice actions against plaintiff for his failure to advise the Collins to file the Subchapter

S elections. The relevant part of plaintiff's deposition follows:

"Q [By Mr. Kurn] At the time did I make the statement to the extent that I was of the opinion that you had been negligent in failing to do this but that the company didn't want to pursue that course or hold you responsible for your negligence?

"A [By Mr. McGrath] Yes, you did state that * * *.

* * * * * *

"Q [By Mr. Kurn] I will rephrase the question. Were you informed that if you executed this document Bill Johnston was not going to sue you or hold you responsible for your negligence?

* * * * * *

"Q [By Mr. Kurn] Were you told that?

"A [By Mr. McGrath] As I recall it was basically 'you sign this and get out and everyone will forget about everything'."

The release of a disputed or doubtful claim is legal consideration. Blair v. Cifrino, Mass., 247 N.E.2d 373 (1969), Carter v. Provo, 87 N.H. 369, 180 A. 258 (1935), Hull v. Spahr, 39 Pa.Dist. & Co. 379 (1940), Jensen v. Peterson, 211 Ill.App. 233 (1918). Defendants' release of a possible claim for malpractice against the plaintiff constituted legal consideration given in exchange for plaintiff's assignment and release. Plaintiff's contention that plaintiff was not negligent and that the claim would ultimately prove to be groundless does not affect the legal sufficiency of the consideration. Plaintiff, by his agreement, gained the legal right not to have to defend his professional conduct in court against an asserted claim of negligence made in good faith. Good consideration in Arizona consists of a benefit to a promisor or a loss or a detriment to the promisee. Cavanagh v. Kelly, 80 Ariz. 361, 297 P.2d 1102 (1956).

Affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.